IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2013

## STATE OF TENNESSEE v. TIMOTHY WASHINGTON LYONS

**Appeal from the Criminal Court for Davidson County**
**No. 2007-C-1951     Monte Watkins, Judge**

_____

**No. M2012-01572-CCA-R3-CD - Filed February 20, 2014**

_____

The defendant, Timothy Washington Lyons, appeals his resentencing to consecutive terms of fourteen years and six years for his convictions for attempted second degree murder and reckless aggravated assault. On appeal, the defendant argues that the trial court failed to make appropriate findings in support of its sentencing determinations. Based upon our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Timothy Washington Lyons.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Hugh Ammerman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In 2009, the defendant was convicted of attempted second degree murder and reckless aggravated assault and received an effective sentence of twenty-two years. On direct appeal, this court affirmed the defendant's convictions but remanded for resentencing because the trial court mistakenly sentenced the defendant for Class C felony aggravated assault rather than Class D felony aggravated assault, applied improper enhancement factors, and imposed consecutive sentencing without making the required findings of fact. State v. Timothy

<u>Washington Lyons & Antonio Lamont Scales</u>, No. M2009-02524-CCA-R3-CD, 2011 WL 300141, at *1 (Tenn. Crim. App. Jan. 18, 2011), <u>perm. app. denied</u> (Tenn. May 25, 2011).

Our direct appeal opinion contains the following summary of the facts presented at trial:

The convictions in this case relate to the shootings of Teresa Crenshaw and Quanita Robinson on March 31, 2007. At the joint trial, Ms. Crenshaw testified that on that date she was driving along Coffee Street near Eleventh Avenue in Nashville when she saw the defendants sitting in a gray, two-door car parked in an alley. She recalled that Mr. Scales was in the driver's seat, Mr. Lyons was in the passenger's seat, and two individuals were in the backseat. Ms. Crenshaw stated that she spoke briefly to the defendants and then drove a very short distance to offer a ride to Ms. Robinson, who was walking. Just after Ms[.] Robinson got into the vehicle, Ms. Crenshaw turned back to see guns being pointed at her by the occupants of the gray car. Ms. Crenshaw testified that both defendants had guns pointed at her.

When the men started to fire, Ms. Crenshaw "scrunched down in the vehicle and accelerated." She stated that the men pursued her and continued to fire at her as she attempted to get away. A short distance later, Ms. Crenshaw made a left turn and the gray car made a right turn. She then continued to drive until she saw her aunt driving by. She flagged down the aunt and asked for transportation to the hospital. Ms. Crenshaw stated that a bullet struck her right upper arm and that another bullet grazed Ms. Robinson's left upper arm.

On the way to the hospital, Ms. Crenshaw telephoned Mr. Scales and asked him why he had shot at her. According to Ms. Crenshaw, Mr. Scales told her that "they was going to kill [her], [her] boyfriend, and everything he loved."

Once at the hospital, Ms. Crenshaw learned that she had also suffered a gunshot wound to her back. She stated that doctors were forced to leave a bullet fragment in her arm and to leave the entire bullet in her back near her lung.

Crime scene investigators with the Metropolitan Nashville Police Department discovered 13 cartridge casings "scattered along . . . a hundred" yard path from Ms. Crenshaw's abandoned vehicle backwards toward

Eleventh Avenue.  They found no blood inside the vehicle.

At the conclusion of this proof, the State rested, and neither defendant presented any evidence.  Based upon the evidence presented by the State, the jury convicted the defendants, who had originally been charged with attempted first degree murder, of the lesser included offense of attempted second degree murder in count one and reckless assault as charged in count two.

Id. at *1-2 (footnote omitted).

The trial court conducted a resentencing hearing on July 13, 2012, at which it sentenced the defendant as a Range II, multiple offender to consecutive terms of fourteen years for the attempted second degree murder conviction and six years for the reckless aggravated assault conviction.  This appeal followed.

## ANALYSIS

The defendant argues that the trial court failed to make appropriate findings in determining the length and manner of his sentences.

Under the 2005 amendments to the sentencing act, a trial court is to consider the following when determining a defendant's sentence:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707. In State v. Caudle, our supreme court clarified that the "abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." 388 S.W.3d 273, 278-79 (Tenn. 2012).

The trial court may order multiple sentences to run consecutively if it finds by a preponderance of evidence that one or more of the seven factors listed in the Tennessee Code Annotated section 40-35-115(b) apply, including that the defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high. Id. § 40-35-115(b)(4). When the court bases consecutive sentencing upon its classification of the defendant as a dangerous offender, it must also find that an extended sentence was necessary to protect the public against further criminal conduct by the defendant and that the consecutive sentences reasonably relate to the severity of the offense committed. State v. Lane, 3 S.W.3d 456, 460-61 (Tenn. 1999); State v. Wilkerson, 905 S.W.2d 933, 937-38 (Tenn. 1995). As to consecutive sentencing, our standard of review is abuse of discretion with a presumption of reasonableness. State v. Pollard, ___ S.W.3d ___ (Tenn. 2013).

At the conclusion of the resentencing hearing, after hearing arguments from the parties, the trial court applied two enhancement factors: the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish his range, and he was on parole at the time he committed the instant offenses. See Tenn. Code Ann. § 40-35-114(1), (13).

The defendant's criminal record included convictions for aggravated robbery, possession of drug paraphernalia, and possession of marijuana. Timothy Washington Lyons, 2011 WL 300141, at *6. Furthermore, the defendant was on parole at the time he committed the instant offenses. Id.

In determining that the defendant's sentences should be served consecutively, the trial

court found:

> Now, the next question is whether they should be consecutive or concurrent. The Court looks to [Tennessee Code Annotated section] 40-35-115 for guidance. And in considering the nature of these offenses, along with the prior conviction, the Court believes that these defendants are dangerous offenders and that their behavior indicates little or no regard for human life, and they had no hesitation about committing a crime in which the risk to human life was high. Any time you take a weapon and you fire it repeatedly at anyone there is a definite risk of death to the intended victim, or even unintended victims, for that matter. So, the Court believes that that applies.

> And the Court further believes that it is necessary to protect the public against further criminal conduct by the defendants and that consecutive sentences reasonably relate to the seriousness of the offenses committed. . . . [T]herefore, these sentences will be consecutive, for a total . . . of twenty years.

Contrary to the defendant's assertion, the record reflects that the trial court stated its reasons for the length of sentences imposed and made the requisite findings in support of consecutive sentencing, that the defendant was a dangerous offender with little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high and that consecutive sentencing was necessary to protect the public. See Pollard, __ S.W.3d at __ (citing Wilkerson, 905 S.W.2d at 937-38). We conclude that the record supports the trial court's sentencing determinations.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE

-5-